UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JEFFREY P LOUVIERE | CIVIL ACTION NO. 6:16-cv-00724 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| W&T OFFSHORE INC., ET AL | BY CONSENT OF THE PARTIES |

## **ORDER**

On November 9, 2017, a status conference was held to discuss W&T Offshore Inc.'s ("W&T") request to compel the plaintiff to attend a neuropsychological examination conducted by Dr. Kevin W. Greve, Ph.D. [Rec. Doc. 34]. To address this issue, the Court ordered the parties to submit a brief regarding the reasonableness and necessity (cause) for the specific tests that would be conducted during the two-day testing period. For the following reasons, W&T's request to compel the plaintiff to attend a neuropsychological examination conducted by Dr. Greve is granted.

Independent medical examinations are authorized under Rule 35, FRCP.[1] A medical examination may be ordered under the Rule when the moving party shows "good cause" for the examination and that the condition to be examined be "in controversy".[2] Generally, courts liberally construe the rule in favor of granting

---

[1] Federal Rule of Civil Procedure 35(a) provides, "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

[2] *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. 2006);

discovery.³ Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts, and depends solely on the circumstances underlying the request.⁴ Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court.⁵

In this case, the plaintiff argues that W&T lacks good cause to conduct a neuropsychological examination because the residual cognitive effects of his mild, traumatic brain injury have essentially resolved. The plaintiff asserts that he was referred to Dr. Roberta Bell, Ph.D, for a neuropsychological evaluation and was subsequently diagnosed with a mild cognitive impairment. As a result, he started to receive outpatient treatment at the Acadiana Brain Injury Center and was discharged from treatment on March 21, 2017. Then, the plaintiff began treatment with Dr. Mark Warner and his mild cognitive defect continued to improve. On November 10, 2017, Dr. Warner reported that the plaintiff had fully recovered from any cognitive effects of his injury. Accordingly, the plaintiff contends that W&T's requested

---

³ *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592, *1 (W.D. La. 2015) *citing McClanahan v. Transocean Offshore Intern. Ventures Ltd.,* 2006 WL 2989243, at *2 (W.D. La. 2006) *citing Grossie, supra.*

⁴ *Moore v. Calavar Corp.*, 142 F.R.D. at 135.

⁵ *Moore v. Calavar Corp.*, 142 F.R.D. at 135. *citing Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc*, 1993 WL 441890, *1 (E.D. La. 1993).

neuropsychological evaluation cannot produce results regarding his previous impairment and the information that W&T seeks can be obtained by a review of the plaintiff's previous medical records. However, applicable jurisprudence illustrates that W&T should have the opportunity to traverse the plaintiff's neuropsychological expert with their own neuropsychological expert.

A plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information are available.[6] "Indeed, when a plaintiff has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert to examine her."[7] "This is largely because one purpose in granting a request for an examination pursuant to Rule 35 is to preserve the equal footing of the parties."[8]

In this case, the plaintiff's current and past cognitive functioning ability remains in controversy because the plaintiff alleged that he suffered a mild traumatic brain injury with cognitive impairments. Even though the plaintiff alleges that he has

---

[6] *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 391-392 (S.D. Tex. 2013) *citing Jackson v. Entergy Operations, Inc.*, 1998 WL 28272, at *2 (E.D. La. 1998) and *Ferrell v. Shell Oil Co.*, 1995 WL 688795, at *1 (E.D. La. 1995).

[7] *Jackson v. Entergy Operations, Inc.*, 1998 WL 28272, at 2; *Ferrell,* 1995 WL 688795, at *1.

[8] *Ornelas*, 292 F.R.D. at 391-392 (internal quotations and citations omitted).

fully recovered from this injury, W&T should not be prevented from conducting their own neuropsychological examination because the parties must remain on equal footing. Therefore, W&T has good cause for Dr. Greve to conduct a neuropsychological examination of the plaintiff because a neuropsychological examination was previously conducted by the plaintiff's neuropsychological expert, Dr. Bell.

The plaintiff further contends that Dr. Greve's neuropsychological examination should be limited in duration and scope because a three-day examination is not appropriate in this case. However, Dr. Greve's neuropsychological examination does not consist of three-days of actual testing. Rather, Dr. Greve's examination occurs over a three-day period where one-day consists of a two-hour interview and then the neuropsychological tests are conducted during a two-day period. Pursuant to the Court's order, W&T has provided a sufficient description and justification for the tests that Dr. Greve will conduct during this two-day testing period. Furthermore, Dr. Greve's neuropsychological examination appears to be similar to the neuropsychological examination that was previously conducted by the plaintiff's neuropsychologist, Dr. Bell. Therefore, this Court is not persuaded that W&T's neuropsychological examination should be limited in duration and scope.

For these reasons, W&T's request to compel the plaintiff to attend a neuropsychological examination conducted by Dr. Kevin W. Greve, Ph.D. is GRANTED. Accordingly, Jeffrey P. Louviere shall attend a neuropsychological examination by Kevin W. Greve, which consists of an interview on November 16, 2017 from 9:00 a.m. to 11:00 a.m. and two-days of testing on November 27 and 28, 2017 from 9:00a.m. to 5:00p.m. each day, at the Jefferson Neurobehavioral Group's Lafayette Office located at 107 Regency Square, Lafayette, LA 70508.

Signed at Lafayette, Louisiana, this 15th day of November 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE