UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JEFFREY P. LOUVIERE                  CIVIL ACTION NO. 6:16-cv-00724

VERSUS                                  MAGISTRATE JUDGE HANNA

W&T OFFSHORE, INC., ET AL.        BY CONSENT OF THE PARTIES

**MEMORANDUM RULING**

Currently pending is a Motion to Compel Compliance with Subpoenas to Produce Documents and for Attorney's Fees filed by Helmerich & Payne International Drilling Co. (H&P). [Rec. Doc. 51]. H&P seeks to compel the employer of the plaintiff and/or its worker's compensation insurer, LQT Industries, Inc. and Zurich American Insurance Company respectively, (collectively Zurich) to produce surveillance taken of the plaintiff in conjunction with the defense of a worker's compensation claim. The motion is opposed by Zurich [Rec. Doc. 63] and supported by H&P's co-defendant W& T Offshore (W&T). [Rec. Doc. 64].[1]

The Court held a telephone conference to discuss the motion and subsequently ordered Zurich to identify the dates and times of the surveillance as well as the identity of the surveillance operative as part of a privilege log which had not been prepared by Zurich. [Rec. Doc. 75]. Zurich complied. [ Rec. Doc. 77]. Another

---

[1] Various reply/opposition and supplemental memoranda were filed by the parties as well. See Rec. Docs. 69, 72, 85.

telephone conference was held and the Court ordered that Zurich would not be required to produce its surveillance at the time, however, the defendants could depose the plaintiff "regarding what he was doing on the dates and times" of the surveillance, and afterwards they could ask the Court to re-visit the issue of whether the surveillance should be produced. [Rec. Doc. 88]. The plaintiff's deposition was taken and both H&P and W&T have now filed briefs seeking production of the surveillance [Rec. Docs. 97, 99] which Zurich continues to oppose. [Rec. Doc. 98]. The plaintiff has filed no briefs one way or the other.

Zurich resists the production on the basis that the surveillance is work product that it obtained in anticipation of defending the trial of the worker's compensation claim. However, the case was voluntarily remanded to the Office of Worker's Compensation in the U.S. Department of Labor and no "trial" or "pretrial" proceedings are ongoing in that litigation. Further, none are contemplated until after the completion of this litigation. Zurich's position is that it would not be required to produce the surveillance in the worker's compensation litigation until after the claimant was deposed, and since it has not deposed the claimant, its work product should not be required to be disclosed to any of the parties in the third party tort suit.

Initially, the defendants in this litigation raised Fed.R.Civ.P. 26 in support of their position that Zurich was not entitled to claim a work product privilege because that protection extends only to a "party". At this juncture, however, the defendants

direct this Court to a decision in which Rule 26(b)(3) was utilized to require the production of surveillance tapes obtained by a worker's compensation insurer because the defendants (with no opposition from the plaintiff) showed they were in "substantial need" of the tapes and were not able to obtain the "substantial equivalent" by other means.[2] The court in that case found the surveillance tapes, obtained by a non-party as indicated in the appearances section of the opinion, was nonetheless considered trial preparation materials "prepared in anticipation of Workers' Compensation litigation" which were discoverable under Rule 26(b)(3) based on the showing of substantial need and inability to obtain the substantial equivalent by other means.[3] With all due respect to the Oklahoma court, this Court agrees with the result but disagrees with the analysis used to reach that result.

Rule 26(b)(3) applies, by its terms, to parties. Neither Zurich nor LQT are parties to this litigation. Had they formally intervened, which they have not, the rule might apply. They are somewhat aligned with the plaintiff in this litigation inasmuch as they would, at a minimum, receive an offset against any future worker's compensation if the plaintiff receives a favorable verdict in a sufficient amount. Therefore, they are in an adversarial position with the defendants. However, in the worker's compensation arena, they are clearly adversaries with the plaintiff. The

---

[2] See *Grant v. Otis Elevator*, 297 F.R.D. 673, 676 (N.D. Ok. 2001).

[3] *Id.*

alignment of the plaintiff and Zurich is only of a temporary nature in this lawsuit and this rule does not address that type of situation. Therefore, the surveillance tapes are not "prepared in anticipation of litigation or for trial by or for another *party* or its representative" as required by the rule. The Court notes in passing that nearly identical language is contained in 29 C.F.R. §(c)(i)and(ii) made applicable to parties appearing in hearings before the Office of Administrative Law Judges. This Court has it doubts that the defendants would agree those regulations apply to either of them in this litigation or in the OALJ.

On the other hand, Rule 45 does apply to a person served with a subpoena. That rule does not have a Rule 26(b)(3) counterpart that would apply in this context. Subparagraph (d)(3)(A)(iii) requires a subpoena be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies..." The ability to obtain disclosure by showing "substantial need for . . . the material that cannot otherwise be met without undue hardship" only applies to the circumstances described in Rule 45(d)(3)(B) and is not applicable here. Again, under the comparable regulations dealing with persons issued a subpoena in matters pending before the OALJ, 29 C.F.R. § 18.56(c)(3) mirrors this language. Thus it might seem the analysis comes to an end. However, that is not the case.

Zurich did not file a motion to quash or modify. They did send a letter setting forth objections to H&P but did not prepare a privilege log as required by Rule 45 (or

the regulations which are again identical). That privilege log was prepared after being ordered by the Court which identified the dates/time of surveillance. Consistent with long standing precedent, this Court's standing orders and conceded by Zurich, surveillance becomes discoverable once the plaintiff is deposed on the topics contained in the surveillance. Zurich did not participate in the initial deposition of the plaintiff, however, Zurich was fully on notice that the plaintiff was going to be deposed on what his activities were on the dates/times of the surveillance. Whether it chose to participate or not was a litigation strategy decision made with full knowledge of what was at issue.

The plaintiff, based on the testimony submitted, essentially denied any recollection of his activities on the specific dates/times. The Court has not been apprised whether Zurich participated, or not, in any direct or indirect way in the deposition, but once the deposition was taken specific to the surveillance, any claim of privilege no longer exists. Moreover, even if Zurich did not participate, its interests are still protected because the deposition taken by the defendants may be used in the OALJ if it has impeachment value. Indeed, even by the regulations, with the plaintiff claiming no recollection of his activities on these dates/times, this Court cannot fathom any scenario where the tapes would be "solely for impeachment" as required by the regulations to withhold information that would support a claim or defense.[4]

---

[4] See 29 C.F.R. § 18.50(c)(1)(B).

In Zurich's supplemental briefing they contend that the defendants did not ask what the plaintiff was capable of on those dates/times. Absent complete and intentional misrepresentations, the responses to those types of questions would primarily have substantive, as opposed to "solely impeachment" relevance. Therefore, the Court will grant the motion to compel the production of the surveillance tapes. Zurich will also be required to produce the reports of the operative but may redact any information that is attorney-client privilege or specific work product, i.e. mental impressions of counsel, etc.

However, Zurich makes a very valid point as to the costs it incurred in obtaining this evidence. Rule 45(d) requires the court to enforce the duty to protect a person subject to a subpoena from undue burden or expense. This Court is keenly aware that many hours of surveillance may have been undertaken that are not deemed worthy of putting on tape by the operative. Therefore, Zurich will be entitled to a pro-rata reimbursement of 1/3rd each from H&P and W&T for the *total* cost of the surveillance tapes and reports. H&P and W&T will share equally in the cost of reproduction of the tapes and reports.

Therefore, for the forgoing reasons:

IT IS ORDERED that within **SEVEN** days of this order, Zurich will produce to H&P and W&T the surveillance tapes and reports identified in its privilege log (subject to redaction ONLY for matters that may be attorney client or specific work

product privileged).

IT IS FURTHER ORDERED that H&P and W&T will each reimburse Zurich 1/3rd of the **total** cost for the surveillance and reports and ½ each of the cost for reproduction of the tapes and reports.

Signed at Lafayette, Louisiana, this 29th day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE